**ZIMMERMAN et ux. v. SQUIRE, Collector of Internal Revenue.**

No. 558.

District Court, W. D. Washington, S. D.

July 15, 1944.

S. A. Gagliardi and Burns Poe, both of Tacoma, Washington, for plaintiffs.

J. Charles Dennis, U. S. Atty., and Harry Sager, Asst. U. S. Atty., both of Tacoma, Wash., and Thos. R. Winter, Sp. Asst. to Chief Counsel, Bureau of Internal Revenue, of Seattle, Wash., for defendant.

LEAVY, District Judge.

Findings of Fact

I. That the plaintiffs intermarried on the 8th day of April, A.D. 1938, and ever since said date have been and now are husband and wife, and that as such constitute a community under and by virtue of the laws of the State of Washington. That they are and have been ever since the date of said marriage, residents of Tacoma, Pierce County, Washington.

II. That the defendant Clark Squire is a resident of the above-entitled district and that at all times herein mentioned since the 6th day of March, 1941, he has been and is now the Collector of Internal Revenue for the District of Washington; and that the said Clark Squire maintains an office in said district.

III. That the said Theo H. Zimmerman and the said Lois L. Zimmerman, the plaintiffs herein, have at all times shown true faith and allegiance to the Government of the United States and have not in any way aided, abetted, or encouraged, or given comfort to any person or persons or government in rebellion against the Government of the United States or aided, abetted, or encouraged, or given comfort

to any sovereign government which is or has been at war with the United States.

IV. The plaintiffs filed separate individual income tax returns with the defendant, Collector Clark Squire, for the year 1940 on March 15, 1941, and in these returns they reported inter alia income from rents (Line 8) "Market Center-Oakland, $2,821.27" and income from business (Line 9) "Pay Less Drug Company, $64,-409.57," and they each reported a tax liability of $7,160.02, which amount was duly assessed and paid, as follows:

| Taxpayer | Amount | Date paid |
|---|---|---|
| Theo H. Zimmerman | $3,580.01 | March 15, 1941 |
| " " " | 1,790.00 | Sept. 4, 1941 |
| " " " | 1,790.01 | Dec. 15, 1941 |
| Lois L. Zimmerman | 3,580.01 | March 15, 1941 |
| " " " | 1,790.01 | Sept. 4, 1941 |
| " " " | 1,790.00 | Dec. 15, 1941 |

After investigation and as a result of the Commissioner of Internal Revenue holding that the community property income amounted to $9,600.00, instead of the amounts reported on the returns, a deficiency in tax of $13,033.98, plus interest of $1,107.00, or a total of $14,140.98 was assessed and was paid to the defendant, Collector Clark Squire, as follows:

$6,722.18 paid September 1, 1942

$7,418.80 credited on the plaintiff's Lois L. Zimmerman's 1940 tax—Schedule 83364, dated September 29, 1942.

A certificate of overassessment in the amount of $6,958.96 was mailed to plaintiff, Lois L. Zimmerman, which amount, plus interest of $459.84, or a total of $7,418.80, was duly refunded by the above-mentioned credit on Schedule 83364.

V. On or about December 1, 1942, the plaintiff, Theo H. Zimmerman, filed a claim for refund of $6,722.18 and interest for the year 1940 on the ground that the entire income reported from the partnership in their respective returns for the year 1940 constituted community property income to the plaintiffs. This claim was pending before the Bureau when the instant suit was filed on August 18, 1943, more than six months having elapsed since the time of filing said claim.

VI. That at the time of the plaintiffs' intermarriage on April 8, 1938, the plaintiff, Theo H. Zimmerman, owned a one-third partnership interest in a retail drug business known as the "Pay Less Drug Stores". This business had its origin in the State of Washington late in 1931 or early in 1932. A corporation was formed and the plaintiff, Theo H. Zimmerman, became a one-third owner of the stock in that corporation, the other two-thirds being owned by L. J. Skaggs and Mary Skaggs, his wife. The business began to prosper just as the other businesses in other lines that were fathered by Mr. Skaggs prospered, and through 1932, 1933, 1934 and up to 1935 a marvelous return was being shown in the way of gross profits and net profits. The active director in the State of Washington was the plaintiff, Theo H. Zimmerman, but always under the dominate control and direction of L. J. Skaggs. At least one of the reasons that it was decided to change the structure of the business enterprise from a corporation into that of a partnership in 1935 was because it appeared that the various tax programs that were under way were becoming burdensome, which additional taxes it was desired to avoid by forming a partnership instead of remaining a corporation. At any rate, on or about December 26, 1935, the corporation was dissolved and a partnership was organized to take over the then going business which was very substantial and had by that time attained a position where it could well stand on its own feet. It had acquired a trade name that had become quite generally known throughout the State of Washington, particularly in the larger cities and towns where the business was operated. An investment of $7,500 on the part of the plaintiff, Theo H. Zimmerman, three or four years previous had grown to $39,630.74, that being one-third of the capital investment as fixed by the partnership agreement, which was reduced to writing and signed by the parties. The agreement specifically provided that the business was to be known as "Pay Less Drug Stores" and fixed headquarters in the City of Tacoma, Washington. The capital was fixed at $118,892.22 and provided for the division of capital investment of one-third to L. J. Skaggs, one-third to Mary Skaggs, and one-third to the plaintiff, Theo H. Zimmerman. The agreement further provided that the business would be to carry on a retail drug business in the State of Washington and specifically provided that "It is agreed that L. J. Skaggs and Theo H. Zimmerman shall each draw the same salary or compensation for their services in conducting the affairs of this co-partnership, said salary to be determined by majority vote of the

partners". The agreement also provided "It is mutually agreed that L. J. Skaggs shall have full control and management of this co-partnership and he will dictate its business policies and each of the other partners agree to abide by his decision," that "L. J. Skaggs agrees to devote such portion of his time to this co-partnership as he deems advisable," and "after payment of salaries and other expenses, the net profits derived from this co-partnership shall be divided in proportion to the invested capital at such times and in such manner as may be determined by a majority of the co-partnership, and the losses, if any, shall be divided in the same manner."

The co-partnership agreement remained in force during all the time involved in this action. The controlling force or personality in this entire set-up was Mr. Skaggs and not the plaintiff, Theo H. Zimmerman. Mr. Skaggs and his wife, at all times under the agreement, had it within their power to reduce the plaintiff's Theo H. Zimmerman, salary to nothing if they saw fit, because, just as in proportion that his salary was reduced the net income to Mr. Skaggs and his wife, the wife contributing nothing whatever to this partnership except the one-third of the original investment, would be increased, and the only protection that the plaintiff, Theo H. Zimmerman, had on salary at all was that his salary was to be at least that of Mr. Skaggs.

The relationship between the plaintiff, Theo H. Zimmerman, and Mr. L. J. Skaggs and Mary Skaggs from the inception of the business up to the time here involved has been most amicable, and the business continued to prosper, after they went into the partnership, as great or equal as it did as a corporation. Its organization set-up was not a factor at all as to its prosperity. In April, 1938, when the plaintiff's, Theo H. Zimmerman, status underwent the change from that of a single person to a married person, whatever he had in the way of material wealth was not increased either by the route of community property or separate ownership by virtue of that marriage when it occurred. Practically all of the wealth that the plaintiffs had at the time of their marriage was the separate property of Theo H. Zimmerman. Whatever their intention might have been about making the then separate property, community property on the 8th day of April, 1938, the day of marriage, or immediately thereafter, was not acted upon with a sufficient degree to justify the court giving expression to it. The plaintiffs' joint income tax return for the year 1938, which included almost nine months out of the twelve, indicates no such intention. The execution by the plaintiff, Theo H. Zimmerman, of his will, though using the language "community property", definitely discloses complete domination by Mr. Zimmerman of the various assets that it would purport to make a disposition of. In the plaintiff's Theo H. Zimmerman, original income tax return for the year 1939, no claim was made that his separate property was, after marriage, to be made and considered community property, and, of course, in 1941, when amended returns were filed, is the first time that such a contention was made.

VII. The partnership was a flourishing, prospering business by 1938 when its control was entirely out of the hands of the plaintiff, Theo H. Zimmerman, and rested entirely in the hands of Mr. and Mrs. Skaggs. What contribution the plaintiff, Lois L. Zimmerman, made towards the increased wealth of this concern from April, 1938, to January 1, 1941, is small in comparison to what had occurred preceding that time. The partnership interest that the plaintiff, Theo H. Zimmerman, brought into the community, when it was formed in 1938, remained his separate property, together with the issues and profits therefrom.

VIII. In the year 1940, in accordance with the Articles of Co-Partnership, it was agreed between the partners that the plaintiff, Theo H. Zimmerman, would and he did draw a salary of $9,600 per annum, and that Mr. L. J. Skaggs would and he did draw a salary of $12,000, the difference being that Mr. Skaggs did not draw expenses, while the plaintiff's Theo H. Zimmerman, expenses, in addition to the drawing account, were charged as partnership operating expenses.

IX. That the plaintiffs received during the year 1940 income in the sum of $2,-821.27 in the form of rentals from real estate known as Market Center, Oakland, California, which real estate was acquired subsequent to the marriage of the plaintiffs and the profits therefrom were the community property of the plaintiffs.

232

X. That the following is a computation of the tax liability of the plaintiffs for the year 1940, showing an overassessment of the tax in the sum of $744.82 and interest in the sum of $63.26 against the plaintiff, Theo H. Zimmerman, and a deficiency in tax against the plaintiff, Lois H. Zimmerman, for said year, in the sum of $124.12:

### Theo H. Zimmerman

#### Tax

| Year | Income Tax Liability | Income Tax Assessed | Overassessment |
|---|---|---|---|
| 1940 | $19,449.18 | $20,194.00 | $ 744.82 |

#### Interest

| Year | Interest Liability | Interest Assessed | Overassessment |
|---|---|---|---|
| 1940 | $ 1,043.74 | $ 1,107.00 | $ 63.26 |

| | |
|---|---|
| Net income, statutory notice of deficiency dated April 10, 1942 | 61,976.31 |
| Deduct: Community income taxable to wife (½ of $2,821.27) | 1,410.64 |
| Net income adjusted | $60,565.67 |
| Less: Personal exemption and credit for dependent | 2,400.00 |
| Income subject to surtax | $58,165.67 |
| Less: Earned income credit | 461.23 |
| Income subject to normal tax | $57,704.44 |
| Normal tax at 4% on $57,704.44 | $ 2,308.18 |
| Surtax on $58,165.67 | 15,372.89 |
| Total income tax liability | $17,681.07 |
| Add: Defense Tax (10% of $17,681.07) | 1,768.11 |
| Total tax liability | $19,449.18 |

Tax previously assessed:

| | | |
|---|---|---|
| Original, Account #201838 | $ 7,160.02 | |
| Additional, August 1942 list, Account #519009 | 13,033.98 | $20,194.00 |
| Overassessment | | $ 744.82 |
| Interest liability | $ 1,043.74 | |
| Interest assessed | 1,107.00 | |
| Overassessment of interest | | 63.26 |
| Total overassessment of tax and interest | | $ 808.08 |

### Lois L. Zimmerman

| Year | Income Tax Liability | Income Tax Assessed | Deficiency |
|---|---|---|---|
| 1940 | $325.18 | $201.06 | $124.12 |

| | |
|---|---|
| Net income, agent's report dated July 14, 1941, upon which was based overassessment of $6,958.96 | $4,510.18 |
| Add: One-half community income received from Market Center, Oakland, California (½ of $2,821.27) | 1,410.64 |
| Net income adjusted | $5,920.82 |
| Less: Personal exemption (allowed to husband) | None |
| Income subject to surtax | $5,920.82 |
| Less: Earned income credit (10% of $4,510.18) | 451.02 |
| Income subject to normal tax | $5,469.80 |
| Normal tax at 4% on $5,469.80 | $ 218.79 |
| Surtax on $5,920.82 | 76.83 |
| Total income tax liability | $ 295.62 |
| Add: Defense tax (10% of $295.62) | 29.56 |
| Total tax liability | $ 325.18 |

Tax previously assessed:

| | | |
|---|---|---|
| Account #201839 | $7,160.02 | |
| Less: Amount allowed Schedule #83384 | 6,958.96 | 201.06 |
| Deficiency in tax | | $ 124.12 |

From the foregoing Findings of Fact, the Court makes the following

### Conclusions of Law

I. This Court has jurisdiction of the parties and subject matter here involved.

II. That the plaintiffs have failed to sustain the burden of proving that the Commissioner of Internal Revenue erred in not attributing more than $9,600 of the income from the partnership, Pay Less Drug Stores, as their community property.

III. That the Commissioner of Internal Revenue erred in including the sum of $2,821.27 as the separate property of the plaintiff, Theo H. Zimmerman, the same being the community property of the plaintiffs, Theo H. Zimmerman and Lois L. Zimmerman.

IV. That in accordance with the provisions of Section 3801 of the Internal Revenue Code, 26 U.S.C.A.Int.Rev.Code, § 3801, the resulting deficiency in tax against the plaintiff, Lois L. Zimmerman, wife of the plaintiff, Theo H. Zimmerman, is to be deducted from the overassessment against the plaintiff, Theo H. Zimmerman, and the plaintiffs are therefore entitled to judgment in the sum of $683.96, together with interest thereon as provided by law, from September 29, 1942, without costs.